UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RPM PIZZA, LLC, D/B/A DOMINO'S PIZZA | :CIVIL ACTION NUMBER: : |
| VERSUS | :JUDGE: : |
| LIBERTY INSURANCE UNDERWRITERS, INC. | :MAGISTRATE: : : |

COMPLAINT

The complaint of RPM Pizza, LLC, d/b/a Domino's Pizza ("RPM"), with respect represents:

1.

Plaintiff RPM is a limited liability company registered to do business in Louisiana.

2.

Defendant Liberty Insurance Underwriters, Inc. ("Liberty") is a foreign insurance company authorized to do business in Louisiana and has appointed the Secretary of State as its agent for service of process.

3.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d) as the parties are citizens of different states and the amount in controversy exceeds the requisite amount.

4.

Liberty issued an Excess Liability Policy LQ1B71215781019 to RPM effective December 9, 2009.

5.

The Liberty policy provides excess liability insurance to RPM against all loss in excess of the Underlying Insurance which the insured may become legally obligated to

601516.1

pay. The coverage provided by Liberty's policy is subject to the terms of the Underlying Insurance policy and the terms of Liberty's policy.

6.

Effective March 31, 2010, the Underlying Insurance policy for RPM was issued by Argonaut Great Central Insurance Company ("Argonaut").

7.

During the Liberty policy coverage period, RPM was served with a petition naming it as a defendant in a lawsuit captioned "*Toni Spillman, Individually and on behalf of the Class v. RPM Pizza, Inc. and Domino's Pizza, LLC*" (the "*Spillman* suit") filed in the United States District Court for the Middle District of Louisiana located in Baton Rouge, Louisiana. A copy of the *Spillman* suit is attached as Exhibit "A."

8.

The *Spillman* suit filed against RPM claims damages arising, *inter alia*, from "personal injury" and "advertising injury" within the meaning of those terms as defined in Argonaut's insurance policy issued to RPM and which are otherwise covered under both Argonaut and, therefore, Liberty's policies.

9.

RPM gave timely notice to Liberty of the *Spillman* suit filed against RPM.

10.

Initially, and very soon after RPM filed its proof of claim with Liberty, Liberty advised RPM that it did not provide coverage to RPM for the *Spillman* case.

11.

Recently, Liberty has apparently changed its position and has begun, for the first time, an investigation into this matter, with which RPM is cooperating.

601516.1

12.

Liberty's coverage position, as stated in its various letters, is difficult, if not impossible, to understand.

13.

In the meantime, the *Spillman* matter is proceeding with ongoing efforts to settle that case.

14.

Two mediations have now taken place with Liberty refusing to participate either in person or by telephone.

15.

These mediations have resulted in an offer being made by plaintiff to settle the *Spillman* suit for an amount that exceeds the Argonaut underlying policy, but well within the coverage limits of Liberty's excess policy. The settlement offer, however, expires 30 days from February 29, 2012.

16.

By taking the position it has about its coverage and refusing to participate in settlement discussions, Liberty has put its insured, RPM, at risk for amounts that may be awarded in the *Spillman* litigation over and above the limits of Argonaut's underlying policy and Liberty's excess policy, all of which RPM alleges to be in bad faith and certainly not in the best interests of RPM.

17.

Liberty's failure to participate in mediation and settlement discussions and its refusal to accept and acknowledge coverage has left RPM no choice but to proceed on its own to protect itself by attempting to resolve the *Spillman* suit by settlement.

18.

Liberty's coverage position misrepresents its policy provisions to RPM and has wrongfully failed to honor its coverage obligation with its arbitrary, capricious and bad faith refusal and conduct

19.

RPM has been and continues to be damaged by Liberty's wrongful refusal to accept coverage under its policy and its conduct.

20.

Claims being made against RPM in *Spillman* are covered by Liberty's obligation under its policy. In particular, Liberty's policy requires it to pay "loss" that results from an occurrence during the "policy period" in excess of Argonaut's underlying limits. The coverage provided under Liberty's excess policy, attached hereto and incorporated herein as Exhibit "B," is subject to the terms and conditions of Argonaut's underlying policy, attached hereto and incorporated herein as Exhibit "C."

21.

Among other provisions incorporated herein by reference, both policies cover "personal injury" and "advertising injury," with both terms being defined as including "oral or written publication of material that violates a person's right of privacy." See the *Spillman* suit.

22.

Liberty's refusal to honor its coverage obligation within 60 days of receiving notice of the *Spillman* suit, its changing position regarding its coverage obligation and its erroneous interpretation of its own policy are arbitrary, capricious, without probable cause and in bad faith.

23.

By arbitrarily, capriciously, without probable cause, and in bad faith refusing to accept and acknowledge coverage to its insureds under the policy and by failing to participate in settlement discussions and negotiations, Liberty breached its contract with RPM and is causing ongoing damage to RPM.

24.

Liberty violated and breached its obligations to its insured under La. C. C. Arts. 1997 and 2315, La. R.S. 22:1892, 1964 and/or 1973 and La. R.S. 51:1401, *et. seq.* As a consequence, Liberty is liable for all damages it causes RPM by its breach and wrongful conduct, in addition to all penalties allowed by law and attorney fees to prosecute this suit.

25.

In addition to the foregoing claim for damages, penalties and attorney fees, RPM seeks a judgment from this Court declaring that (a) Liberty's excess policy provides coverage, in excess of the coverage limits of the Argonaut policy, for the claims made in the *Spillman* suit during the period of its excess policy issued to RPM and (b) Liberty's actions and inactions in its dealings with RPM constitute bad faith and subject Liberty to all damages(including, but not limited to any reasonable settlement to the extent this exceeds Argonaut's policy limits) sustained by RPM as a result, together with all penalties allowed by law and attorney fees in this action.

**WHEREFORE,** plaintiff RPM Pizza, LLC d/b/a Domino's Pizza prays for judgment in its favor and against Liberty Insurance Underwriters, Inc. for the following:

601516.1

(a) RPM's damages as a result of Liberty's breaches of its agreement, including damages for bad faith breach of contract, as well as other foreseeable, unforeseeable and consequential damages;

(b) penalties and attorneys' fees under Louisiana Civil Code articles 1997 and 2315, La. R.S. 22:1892, 1964 and/or 1973 and La. R.S. 51:1401, or otherwise allowed under Louisiana law;

(c) interest thereon from the date owed until paid;

(d) all costs of this suit;

(e) a declaratory judgment holding that (a) Liberty's excess policy provides coverage for the claims made in the *Spillman* suit during the period of its excess policy issued to RPM; (b) Liberty's actions and inactions in its dealings with RPM constitute bad faith and subject Liberty to all damages sustained by RPM as a result together with all penalties allowed by law and attorney fees in this action; and

(f) trial by jury on all issues.

TAYLOR, PORTER, BROOKS, & PHILLIPS L.L.P.

BY: _____
Eugene R. Groves #6358
Amy Groves Lowe #25071
451 Florida Street, 8th Floor (70801)
P. O. Box 2471
Baton Rouge, LA  70821
Phone:   225-387-3221
Fax:       225-346-8049

*ATTORNEYS FOR RPM PIZZA LLC d/b/a DOMINO'S PIZZA*

601516.1