UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RPM PIZZA, LLC, d/b/a DOMINO'S PIZZA | * <br> * <br> * CIVIL ACTION NO.: 3:12-cv-00147 |
| VERSUS | * <br> * JUDGE JAMES J. BRADY |
| LIBERTY INSURANCE UNDERWRITERS, INC. | * <br> * MAGISTRATE DOCIA L. DALBY |

## ANSWER

**NOW INTO COURT**, through undersigned counsel, comes Defendant Liberty Insurance Underwriters Inc. ("LIUI"), who responds to the Complaint filed by Plaintiff RPM Pizza, LLC, d/b/a Domino's Pizza ("RPM") as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint's claims are barred by the terms and conditions of the insurance policy and endorsements issued to RPM by LIUI (the "LIUI Policy"). Therefore, LIUI pleads all provisions and exclusions of the LIUI Policy as if copied here *in extenso.*

### THIRD AFFIRMATIVE DEFENSE

The Complaint's claims are barred by the terms and conditions of the First Underlying Insurance Policy as identified in the LIUI Policy. Therefore, LIUI pleads all provisions and exclusions of the First Underlying Insurance Policy as if copied here *in extenso.*

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has no right or cause of action against LIUI for bad faith, arbitrary, capricious or other conduct under La. C. C. Arts. 1997 and 2315, La. R.S. 22:1892, 1964 and/or 1973 and/or La. R.S. 51.1401, *et. seq.*

### FIFTH AFFIRMATIVE DEFENSE

LIUI denies that it breached any duty or obligation allegedly owed to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by one or more of the following affirmative defenses: contributory negligence; estoppel; fraud; illegality; statute of limitations; waiver; known loss; loss in progress; the fortuity doctrine; uninsurability.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to allege a basis for the relief claimed.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by one or more of the following equitable defenses: waiver; estoppel; unclean hands.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover from LIUI because its damages, if any, were not caused by any act or omission of LIUI, or, in the alternative, were caused by acts or omissions of others for whom LIUI has no responsibility. Any acts, statements, representations or omissions by persons or entities other than LIUI which caused damages to Plaintiff, which LIUI does not concede, were not authorized by LIUI and were not performed or given with actual, implied or apparent authority of LIUI.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

The allegations made by Plaintiff against LIUI were not pled with requisite particularlity.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff knew, or reasonably should have known, and thereby assumed, the risks of the transactions alleged to form the basis of their claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint's claims are barred, in whole or in part, by the failure of Plaintiff to adhere to and perform contractual conditions and obligations.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint violates due process because it fails to provide LIUI with adequate and fair notice of its specific alleged wrongful conduct and, thus, completely ignores elementary notions of fairness embodied in constitutional jurisprudence.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint's claims are barred by the doctrines of contributory negligence, comparative negligence, and/or *in pari delicto*.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint's claims are barred, in whole or in part, by the negligence and/or gross, intentional or otherwise willful acts or omissions on the part of the Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint's claims are barred, in whole or in part, because all conditions precedent to Plaintiff's claims have not been performed and have not been waived.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint's claims are barred, in whole or in part, to the extent the LIUI Policy does not provide coverage for claims arising under the Telephone Consumer Protection Act.

### NINETEENTH AFFIRMATIVE DEFENSE

The Complaint's claims are barred, in whole or in part, to the extent the LIUI Policy does not provide coverage for advertising injury arising out of the willful violation of a penal statute or ordinance.

### TWENTIETH AFFIRMATIVE DEFENSE

The Complaint's claims are barred, in whole or in part, to the extent the LIUI Policy does not provide coverage for advertising injury for which RPM has assumed liability in a contract or agreement.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint's claims are barred, in whole or in part, to the extent the LIUI Policy does not provide coverage for advertising injury arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has not sustained "loss" in excess of the underlying insurance as defined in and required by the LIUI Policy.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Coverage under the LIUI Policy does not apply unless and until Plaintiff or its underlying insurer(s) have paid or are obligated to pay the full limits of liability of all underlying insurance.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The coverage provided by the LIUI Policy applies excess of all other insurance, including self-insurance, that applies to a covered "loss." The full limits of such other insurance, including self-insurance, have not been paid.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Complaint's claims are barred, in whole or in part, because the underlying limits of insurance have not been exhausted.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

In addition to those set out herein, LIUI intends to invoke any other defense that is now or may subsequently become available and hereby expressly reserves its right to amend this pleading to assert any such defense.

**AND NOW,** further answering the Complaint filed by RPM, LIUI states as follows:

### I.

LIUI is without information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of the Complaint, and upon that basis denies same.

### II.

LIUI admits the allegations in Paragraph 2 of the Complaint.

### III.

With respect to the allegations in Paragraph 3 of the Complaint, LIUI admits that the amount in controversy exceeds the requisite amount for diversity jurisdiction. LIUI is without information necessary to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3 of the Complaint, and upon that basis denies same.

IV.

LIUI admits the allegations in Paragraph 4 of the Complaint.

V.

With respect to the allegations in Paragraph 5 of the Complaint, LIUI admits that the insurance policy it issued to RPM is an excess liability policy. The LIUI Policy is the best evidence of its contents and terms, and LIUI expressly denies the allegations in Paragraph 5 of the Complaint to the extent such allegations differ from or are inconsistent with the terms of the LIUI Policy.

VI.

With respect to the allegations in Paragraph 6 of the Complaint, LIUI admits that Argonaut Great Central Insurance Company issued a primary commercial general liability policy to RPM and that the policy period of this policy began on March 31, 2010. The Argonaut Policy and the LIUI Policy are the best evidence of their contents and terms, and LIUI expressly denies the allegations in Paragraph 6 of the Complaint to the extent such allegations differ from or are inconsistent with the terms of the Argonaut Policy and/or the LIUI Policy.

VII.

With respect to Paragraph 7 of the Complaint, LIUI admits that RPM was named as a defendant in the Spillman lawsuit referenced in this paragraph. LIUI is without information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 7 of the Complaint, and upon that basis denies same.

VIII.

LIUI denies the allegations in Paragraph 8 of the Complaint.

IX.

With respect to the allegations in Paragraph 9 of the Complaint, LIUI admits that RPM notified it of the Spillman lawsuit. LIUI denies the remaining allegations in Paragraph 9 of the Complaint.

X.

LIUI denies the allegations in Paragraph 10 of the Complaint. The communications between RPM and LIUI are the best evidence of their contents, and LIUI expressly denies the allegations in Paragraph 10 of the Complaint to the extent such allegations differ from or are inconsistent with such communications.

XI.

LIUI denies the allegations in Paragraph 11 of the Complaint.

XII.

LIUI denies the allegations in Paragraph 12 of the Complaint.

XIII.

LIUI denies the allegations in Paragraph 13 of the Complaint to the extent they follow and relate to the allegations in Paragraph 12 of the Complaint. LIUI admits that the attorneys for the Plaintiff in the Spillman lawsuit have made a settlement demand. LIUI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13 of the Complaint, and upon that basis denies same.

XIV.

With respect to the allegations in Paragraph 14 of the Complaint, LIUI admits that RPM unilaterally scheduled two (2) mediations of the Spillman lawsuit without consulting with LIUI or first determining LIUI's availability or ability to participate. LIUI further admits that it did

not attend these mediations, in part, because RPM had not provided LIUI with the information, documents and materials requested by LIUI and necessary to LIUI's investigation into the claims at issue. LIUI denies the remaining allegations in Paragraph 14 of the Complaint.

## XV.

With respect to the allegations in Paragraph 15 of the Complaint, LIUI admits that the attorneys for the Plaintiff in the Spillman lawsuit made a settlement demand. LIUI denies the remaining allegations in Paragraph 15 of the Complaint.

## XVI.

LIUI denies the allegations in Paragraph 16 of the Complaint.

## XVII.

LIUI denies the allegations in Paragraph 17 of the Complaint.

## XVIII.

LIUI denies the allegations in Paragraph 18 of the Complaint.

## XIX.

LIUI denies the allegations in Paragraph 19 of the Complaint.

## XX.

LIUI denies the allegations in Paragraph 20 of the Complaint. The LIUI policy is the best evidence of its contents and terms, and LIUI expressly denies the allegations in Paragraph 20 of the Complaint to the extent such allegations differ from or are inconsistent with the terms of the LIUI policy.

## XXI.

LIUI denies the allegations in Paragraph 21 of the Complaint. The LIUI Policy is the best evidence of its contents and terms, and LIUI expressly denies the allegations in Paragraph

21 of the Complaint to the extent such allegations differ from or are inconsistent with the terms of the LIUI Policy.

### XXII.

LIUI denies the allegations in Paragraph 22 of the Complaint.

### XXIII.

LIUI denies the allegations in Paragraph 23 of the Complaint.

### XXIV.

LIUI denies the allegations in Paragraph 24 of the Complaint.

### XXV.

LIUI denies the allegations in Paragraph 25 of the Complaint, and denies that RPM is entitled to any of the relief requested in Paragraph 25 of the Complaint.

### XXVI.

LIUI denies that RPM is entitled to any of the relief requested in the Prayer of the Complaint.

### XXVII.

Any and all allegations set forth in the Complaint that are not specifically admitted above are **DENIED**.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, Liberty Insurance Underwriters Inc., respectfully prays that Plaintiff take nothing by way of its Complaint, that it be dismissed with prejudice, for attorney's fees and costs for defending against Plaintiff's Complaint, and for such other and further relief as is deemed just and proper.

Respectfully submitted,

By: /s/ Mickey S. deLaup
**Mickey S. deLaup,**
Bar #4839
**deLaup & Enright, LLC**
2701 Metairie Road
Metairie, Louisiana 70001
Phone: (504) 828-2277
Fax: (504) 828-2233
E-mail: *mdelaup@de-lawfirm.com*

**ATTORNEYS FOR DEFENDANT
LIBERTY INSURANCE
UNDERWRITERS INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2012, a copy of the foregoing Answer was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Christopher K. Jones and Eugene R. Groves by operation of the court's electronic filing system

/s/ Mickey S. deLaup
Mickey S. deLaup